LAW OFFICE OF
# AARON M. GOLDSMITH
A PROFESSIONAL CORPORATION
225 Broadway, Suite 715
New York, NY 10007
(Tel.) - (914) 588-2679
(Fax) - (212) 566-8165
*www.aarongoldsmithlaw.com*

★ Admitted in NY and CT

August 28, 2015

*Via ECF*
US DISTRICT COURT, EDNY
Hon. Kiyo A. Matsumoto, USDJ
225 Cadman Plaza East
Brooklyn, NY 11201

        Re: United States v Corey Lee
           Docket No.: 13 Cr 305 (KAM)

Dear Honorable Madame:

  As the Court is aware, I am the attorney of record for Defendant COREY LEE in the above-referenced matter. Mr. Lee's sentencing hearing is scheduled for September 11, 2015 at 10am before this Honorable Court. This letter is respectfully submitted pursuant to Rule 32 of the Federal Rules of Criminal Procedure and advances several considerations that Mr. Lee believes will assist the Court in crafting a sentence which serves both the interests of justice and the sentencing goals set forth in 18 U.S.C. § 3553(a). Mr. Lee respectfully requests that the Court impose a sentence in accordance with the low end of the stipulated range in the plea agreement of sixty (60) months. This sentence is below the guidelines range calculated by Probation Department and well within the Court's authority under *United States v. Booker*, 542 U.S. 220, 226-227 (2005) and 18 U.S.C. § 3553(a).

  On October 2, 2014, Mr. Lee pled guilty to Count I of the Indictment, charging him with conspiracy to possess with intent to distribute (a) 500g or more of cocaine; (b) 28g or more of cocaine base; and (c) marijuana, in violation of 21 USC §§ 841(b)(1)(B) and 841(b)(1)(C).

  Mr. Lee has been at liberty under home confinement since his arrest, without violation of his pre-trial release conditions.

**PERSONAL BACKGROUND:**

Mr. Lee was born in Brooklyn, NY on January 24, 1969, to George Edward Lee and Linda White. Mr. George Lee and Ms. White separated in the early 1970s. Mr. George Lee lives in Yonkers as a restaurant chef and has been in occasional communication with the defendant. Ms. White currently lives in Brooklyn. She receives SSD benefits and regularly sees the defendant. Both of Mr. Lee's parents are upset about the current situation but remain supportive of him.

Mr. Lee has one (1) brother Terrell Lee, (age 43) who lives in the Bronx. Mr. Lee also has three (3) maternal half-siblings, James White (age 39), Zakia White (age 37) and Chanel White (age 36). All three (3) half-siblings live in Brooklyn and maintain a good and supportive relationship with Mr. Lee.

Mr. Lee's parents separated when he was four (4) years old. Thereafter he was raised by his mother. While Mr. Lee states that he enjoyed a good and uneventful childhood, it is notable that the family resided in a number of different locations in Brooklyn and relied on public assistance for food and clothing.

Mr. Lee was married to Nicole Berry on October 13, 1990 in Brooklyn. The couple started seeing one another several years earlier and separated in 1992. The couple eventually filed for divorce in 2010. The Divorce decree was granted by the Supreme Court of Queens County in 2013. The couple has had no significant relationship in a long time, but did produce three (3) children, Cordell Jones (age 28), Serena Jones (age 25) and Javonne Lee (age 23). All three (3) children maintain supportive relationships with their father. During the years of 1999 through 2004, Mr. Lee was in a relationship with Shakevia Campbell. The couple produced one child, Shacore Lee (age 6). Mr. Lee financially supports Shacore financially and maintains visitation with him.

Since 2005, Mr. Lee has been in a relationship with Toya Lee (nee Cephus). The couple has produce one (1) child, Justin Lee (age 6). The couple legally married in 2014, and has resided as a family together since prior to Justin's birth. Currently Justin is not aware of the current plea and impending imprisonment. Toya Lee plans to move out of the region in order to cut living expenses once Mr. Lee is incarcerated. While very upset, she remains fully supportive of him and plans on continuing their lives as a family upon his release.

Mr. Lee suffers from severe asthma. He currently takes Advir and Albuterol several times a day; and Prednisone as needed. Mr. Lee also recently underwent surgery related to kidney stones. As the Court is aware the severe asthma is a potentially life-threatening condition, and the kidney stones will have to be monitored closely and treated during Mr. Lee's incarceration. While Mr. Lee has denied any significant history of mental illness or emotional health treatment, he has been attending regular counseling sessions in order to prepare for incarceration; help his family prepare and develop strategies for living after his release.

Mr. Lee does have a significant history of substance abuse dating back to his teenage years. He has reported abusing alcohol, marijuana and cocaine. Mr. Lee also reported attending a twenty-one (21) day inpatient program at the Blaisdell center and going to the Brooklyn Bridge House on

three (3) separate occasions for outpatient treatment. Because of his history, Mr. Lee is likely to be a successful candidate for the 500 drug program while incarcerated.

As Mrs. Lee stated to the USPO in the pre-trial, she prays that the Court will display leniency by sentencing Mr. Lee to the mandatory minimum, so that he may return to his family and continue to be "very active in the lives of his children." PSR ¶57.

**CALCULATIONS**:

In April, 2015, Mr. Lee filed objections with this Court and the US Probation Department. The PSR included a number of considerations and enhancements that were either not contemplated by the stipulations contained in the parties' plea agreement, nor appropriate under the facts specific to Mr. Lee or even factually inaccurate. Accordingly, Mr. Lee wholly objected to the calculations contained in the PSR. A reiteration of his objections previously filed are listed below:

(a)    GENERAL OBJECTIONS:

1.    Defendant COREY LEE objects to the paragraphs describing "Offense Conduct" in the report as reiterating language of the indictment, as well as a previous un-related indictment, rather than accurately describing the offenses and conduct articulated in the plea agreement entered by the parties;

2.    Defendant also objects to any and all guidelines calculations and recommendations of the PSR based upon the weight of marijuana concluded in the PSR. Counsel contends that the Report calculated the weight of all drugs by the totality of the alleged conspiracy in Mr. Lee's Indictment as well as a prior unrelated indictment, rather than the range of weight agreed to by the parties in the plea agreement.

(b)    SPECIFIC OBJECTIONS:

-¶10: Marijuana was the only narcotic or illicit substance found in Mr. Lee's apartment during the search of the home;

-¶12: Firearms found in a warehouse were the subject of a separate indictment in which Mr. Lee was not charged. Firearms were not contemplated in the Plea Agreement entered into by the parties and given the segregation of indictments and lack of charges against Mr. Lee, the presence of firearms may not be used for enhancement nor to be considered as "relevant conduct;"

-¶17: Mr. Lee should not be given a two (2) point enhancement for "obstruction of justice" simply based on his testimony at suppression hearings. While the Court chose to find the agents' testimony to be credible, there is no evidence that Mr. Lee perjured himself during the hearing;

-¶18: Mr. Lee has satisfied the criteria of USSG §3E1.1 and should be given all available

credits for "acceptance of responsibility;"

¶¶38 and 39: Mr. Lee's Criminal History Calculations should be reduced as the two (2) separately listed offenses in Virginia represent the same offense conduct. Mr. Lee was initially charged in Henrico, VA, but the case was transferred to Williamsburg, VA and joined with others for judicial economy.

(c)     PLEA AGREEMENT:

Pursuant to the Agreement executed in open court and allocuted to on October 2, 2014, the following stipulations were made:
- That Mr. Lee pled to the lesser included offense of Count I of the indictment (conspiracy) as outlined above;
- That Mr. Lee's base offense level at the time was twenty eight (28) under USSG §2D1.1;
- That Mr. Lee would be entitled to reductions due to acceptance of responsibility under USSG §3E1.1;

However, in the interim, an amendment to the calculations of 2D1.1 was enacted by Congress, resulting in a new/current base offense level of twenty six (26).

When the three (3) point acceptance of responsibility points are credited the resulting adjusted offense level is twenty-three (23).

In light of the over-representative nature of offense conduct and criminal history used for calculations in the PSR, as well as 3553(a) factors, we believe that a sentence of the mandatory minimum sixty (60) months, will be sufficient but not greater than necessary to achieve the interests and goals of justice in Mr. Lee's case.

## THE APPROPRIATE SENTENCE:

### A. Factors under 18 USC §3553(a)

After affording due attention to Mr. Lee's individual background and characteristics, it is clear that a sentence of the low-end of the Guidelines range can still sufficiently achieve the sentencing goals reflected by § 3553(a).

Title 18 USC § 3553(a) tasks the Court with constructing a reasonable sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth" in 18 USC § 3553(a)(2). In *Gall v. United States*, 128 S.Ct. 586, 597 (2007), the United States Supreme Court found that while the Guidelines serve as "the starting point and the initial benchmark" of a reasonable sentence, the sentencing authority "may not presume that the Guideline range is reasonable" and "must make an individualized assessment based on the facts presented." This obligation cannot be met merely by considering departure options and nothing else. Counsel must argue, and the District Court must consider, any of the reasons that may exist for concluding that a

sentence within the parameters of the Guidelines "fails to properly reflect § 3553(a), or perhaps [that] the case warrants a difference sentence regardless." *United States v. Rita*, 551 U.S. 338 (2007). The Court in *Gall* further "reject[ed] an appellate rule that require[ed] 'extraordinary' circumstances to justify a sentence outside the Guidelines range." Thus, after considering the advisory Guidelines, a sentencing Court has great flexibility when crafting a reasonable sentence. The Court is free to vary from the Guidelines range so that, ultimately, the sentence is narrowly tailored and no greater than is absolutely necessary to sufficiently accommodate the sentencing factors set forth in Title 18 USC § 3553(a). Accordingly, it is respectfully submitted that a sentence contemplated by the Plea Agreement, but well below the advisory Guideline range as calculated by Probation Department, of the mandatory minimum sixty (60) months, is appropriate and warranted under Mr. Lee's individual set of circumstances.

The Court may impose such a sentence after consideration of the following 3553(a) factors:

**(1) The nature and circumstances of the offense and the history and characteristics of the defendant (18 U.S.C. § 3553 (a)(1)).**

   **a. The nature and circumstances of the offense**

It is indisputable that conspiring to possess/distribute controlled substances is a serious offense. However, Mr. Lee qualifies for a reduction under §3E1.1, for accepting responsibility. Mr. Lee was brought up in a difficult environment and without the guidance and affection of a father. However, Mr. Colon has been continuously trying to improve himself, by entrepreneurial opportunities and trying to raise his child in a family unit with his wife, Toya. Mr. Lee never stopped trying to improve himself by voluntarily engaging in counseling for future planning. Further, Mr. Lee regrets what he did, not only because he appreciates the severity of his crime, but also because he is confronted with the fact that by his incarceration he will not be there for his children. Mr. Lee asks the Court to consider his attempts to improve himself, and sentence him to the lower end on the stipulated guideline, sixty (60) months, so he can help raise his children, continue his education and return as a productive member of society.

**(2) The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed rehabilitative or other treatment (18 U.S.C. § 3553(a)(2)).**

Mr. Lee appreciates the seriousness of the offense and has expressed a sincere apology for his actions. He would like to apologize to the Court, the Government, and the unknown victims. .

**CONCLUSION**

The defendant appreciates that his involvement in the instant offense was wrong and he remains apologetic towards all who may have been harmed or otherwise negatively impacted by his conduct. Mr. Lee hopes that the Court will consider his attempts to better himself since the instant arrest.

Accordingly, in consideration of the relevant factors set forth in Title 18 U.S.C. §§ 3553(a) COREY LEE respectfully requests that the Court impose a sentence of sixty (60) months, at the low-end of the stipulated guidelines; followed by a period of supervised release. In light of the aforementioned circumstances and characteristics that are unique to this defendant, this sentence will be sufficient but not greater than necessary to achieve the goals reflected by the factors set forth in Title 18 U.S.C. § 3553(a).

Mr. Lee further requests that the Court recommend him for evaluation to enter the "500 Hour" drug program, given his history of drug use.

Further, Mr. Lee respectfully requests that the Court consider his financial status and not issue any fines or restitution above the mandatory special assessment.

Defendant COREY LEE reserves the right to amend and raise additional appropriate arguments up to and including the time of sentencing.

Respectfully submitted,

Aaron M. Goldsmith

cc:   TYLER SMITH, AUSA
      *via ECF and email*

      JEREMY NEISS, USPO
      *Via email*